IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00759-CMA-SKC

LUZETTA MURPHY-SIMS,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR JUDICIAL REVIEW OF CLERK'S TAXATION OF COSTS**

---

This matter is before the Court on Plaintiff Luzetta Murphy-Sims' Motion for Judicial Review of Clerk's Taxation of Costs (Doc. # 148). The briefing is complete. (Doc. ## 152, 154.) Having reviewed the Motion, pertinent record, and applicable law, for the following reasons, the Court GRANTS IN PART Plaintiff's Motion.

## I.     BACKGROUND

A thorough recitation of the factual background giving rise to this dispute is set forth in the Court's Order on Motions for Partial Summary Judgment (Doc. # 43). The Court will only repeat the facts as necessary to resolve the instant Motion.

On September 5, 2018, this case was tried to a jury in which the jury returned a defense verdict. (Doc. # 133.) Pursuant to Rule 54(d), the Court awarded Defendant with its reasonable costs. (Doc. # 135); Fed. R. Civ. P. 54(d). On September 19, 2018,

Defendant filed its Bill of Costs requesting $34,406.35. (Doc. # 137.) After the Clerk of the Court held a costs hearing on October 9, 2018, the Clerk taxed the costs as follows:

| Entry | Cost | Amount |
|---|---|---|
| 1 | Fees of the Clerk | $400.00 |
| 2 | Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $4,408.55 |
| 3 | Fees and disbursements for printing | $1,995.65 |
| 4 | Fees for witnesses | $1,893.18 |
| 5 | Fees for exemplification and copies of papers necessarily obtained for use in the case | $4,181.49 |
| 6 | Costs incident to taking of depositions | $3,234.96 |
| 7 | Other costs | $3,776.87 |
| **Total** | | $ 19,890.80 |

On October 16, 2018, Plaintiff filed the instant Motion seeking review of the Clerk's taxed costs, and therein, challenged the validity of entries 3, 5, 6, and 7, which amount to $9,347.69. (Doc. # 148 at 2.) Plaintiff contends that the Court should award only $10,543.11[1] from the total amount of $19,890.80. (Id. at 2.) As discussed in more detail below, Plaintiff asserts two arguments. First, Plaintiff avers that some costs were not necessarily incurred for use in the case, and therefore, are not recoverable under

---

[1] The Court notes that Plaintiff's counsel provided inaccurate and inconsistent numbers throughout her brief. For example, Plaintiff contests $9,347.69 of the $19,890.80 total taxed costs. The difference in that number amounts to $10,543.11. Yet Plaintiff requests that the Court "should modify the taxation of costs to reflect a total award to Defendant of $10,099.42 rather than $19,890.80." (Doc. # 148 at 2.) But then Plaintiff "requests that the Court reduce the award of costs in this matter to $10,542.31." (Id. at 8.) Thus, the Court has relied on the primary documents to calculate the amounts in dispute.

federal law. (*Id.* at 3–6.) Second, she argues that in diversity cases, federal law controls the taxation of costs, and as such, it was improper for the Clerk to award certain costs under Colorado law. (*Id.* at 3, 6–8.)

Defendant filed its Response to the Motion on November 5, 2018. (Doc. # 152.) As a preliminary matter, Defendant does not dispute the reduction of the award of costs in the amount of $63.72 and $444.42 for a duplicative invoice among the copy costs. (*Id.* at 2, 11; Doc. # 148 at 1.) Defendant, thus, seeks an award of costs totaling $19,382.66. (Doc. # 152 at 16.) Defendant asserts that the instant case was a complex one warranting the taxed costs because an underlying arbitration award and the relevance thereof to this litigation required review of discovery from the arbitration and present litigation. (*Id.* at 4–5.) Further, Defendant contends that printing and copying costs were "necessarily obtained for use in the case." (*Id.* at 4–11.) Moreover, Defendant argues that, in diversity cases, federal courts can apply state costs statutes as long as federal law does not preempt such state statutes. (*Id.* at 2.) As such, pursuant to Colo. Rev. Stat. § 13-16-105, Defendant avers that the Clerk properly awarded deposition costs and attorney trial attendance expenses. (*Id.* at 11–16.)

On November 19, 2019, Plaintiff filed her Reply to the Response. (Doc. # 154.) Therein, Plaintiff argues that the United States Court of Appeals for the Tenth Circuit's *Chapparal Resources, Inc. v. Monsanto Co.* decision is dispositive of the cost issues before the Court and, because Defendant failed to "address the holding of *Chapparal* [sic] *Resources* at all," the Court should decline to award certain costs recoverable

under Colorado's costs statute. (*Id.* at 1.) For the following reasons, the Court adjusts the amount of costs that were taxed by the Clerk of the Court.

## II.     LEGAL STANDARDS

### A.    FEDERAL LAW REGARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Further, 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

With respect to witness attendance fees, 28 U.S.C. § 1821 demarcates the terms and conditions upon which those fees can be awarded. "[A]ll [Section] 1920 requires is that the generation of taxable materials be reasonably necessary for use in the case at the time the expenses were incurred." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) (holding that Section 1920 does not require a party to prove that depositions were used in deciding a summary judgment motion or designated for use at trial) (quotation marks omitted).

4

## B. COLORADO LAW REGARDING COSTS

Colo. Rev. Stat. § 13-16-105 ("Section 13-16-105") provides that "[i]f any person sues in any court of record in this state in any action wherein the plaintiff or demandant might have costs in case judgment is given for him and . . . a verdict is passed against him, then the defendant **shall** have judgment to recover his costs against the plaintiff . . . to be taxed." (Emphasis added.) Pertinent to the present Motion, § 13-16-122 sets forth what items are includable as costs, such as "[a]ny costs of taking depositions for the perpetuation of testimony, including reporters' fees, witness fees, expert witness fees, mileage for witnesses, and sheriff fees for service of subpoenas." Colo. Rev. Stat. § 13-16-122(1)(g). Section 13-16-122 should be construed broadly as those statutory items were intended to be "illustrative rather than exclusive[.]" *Cherry Creek Sch. Dist. No. 5 v. Voelker by Voelker*, 859 P.2d 805, 813 (Colo. 1993).

## C. APPLYING FEDERAL AND STATE COST STATUTES IN DIVERSITY CASES

As a threshold matter, the Court must determine the appropriate rules in evaluating Defendant's Bill of Costs. In *Trierweiler v. Croxton & Trench Holding Corp.*, the Tenth Circuit explained how to determine whether to apply a state rule of civil procedure in a diversity case: "where a federal rule of procedure is directly on point, that rule applies. Otherwise, in the 'typical, relatively unguided *Erie* choice,' courts are to heed the outcome-determination approach while also relying on the policies underlying the *Erie* rule: 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" 90 F.3d 1523, 1539 (10th Cir. 1996) (quoting *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965)).

In *Garcia v. Wal-Mart Stores, Inc.*, the Tenth Circuit applied *Trierweilder* and held that because Rule 54(b) was not directly on point and therefore consistent with an award of actual costs under a particular Colorado statute, the costs were taxable under the state statute. 209 F.3d 1170, 1177–78 (10th Cir. 2000). The court noted that if a federal court did not apply the Colorado statute in situations where there was no conflict with the federal cost rules, the difference in availability for such costs in state actions versus federal diversity actions could lead to forum-shopping and could foster inequitable administration of the laws." *Id.* (citing *Hanna*, 380 U.S. at 467–68).

In other words, to the extent that a Colorado state statute authorizes the award of costs other than those costs authorized by 28 U.S.C. §§ 1821 and 1920, and there is no preemption by these Sections, such costs are recoverable. *Id.* at 1178. Such costs are typically recoverable as long as they were "reasonable and necessarily incurred." *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1194 (Colo. App. 2011) (citing *Cherry Creek Sch. Dist. No. 5*, 859 P.2d at 813). This Court has previously held that certain costs that are not listed in 28 U.S.C. § 1920, including some trial attendance and deposition expenses, can be recoverable costs under Colorado law. *Home Loan Invest. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1322–1323 (D. Colo. 2014) (citing *Cherry Creek Sch. Dist. No. 5*, 859 P.2d at 813 and *Valentine*, 252 P.3d at 1194). When evaluating a particular cost under Colorado law, the Court bears in mind that the party seeking costs "must provide the court with sufficient information and supporting documentation to allow a judge to make a reasoned decision for each cost item presented." *Brody v. Hellman*, 167 P.3d 192, 206 (Colo. App. 2007).

6

Colorado courts have interpreted Section 13-16-105 to be "non-discretionary." *Globe Indemn. Co. v. Travelers Indem. Co. of Ill.*, 98 P.3d 971, 977 (Colo. App. 2004); *Gilmore v. Rubeck*, 708 P.2d 486, 487 (Colo. App. 1985). Although the "actual award of costs is not discretionary" under Section 13-16-105, "a trial court has wide latitude in determining which costs to award." *Globe Indemn. Co.*, 98 P.3d at 977. Indeed, "[d]iscretion nevertheless remains with the trial court in deciding which costs to be included in such an assessment" and "the trial court should be guided by [Section] 13-16-122." *Gilmore*, 708 P.2d at 487.

Each objected-to cost is addressed in turn below.

### III. ANALYSIS

#### A. COSTS RECOVERABLE UNDER FEDERAL LAW

18 U.S.C. § 1920 authorizes an award of costs for "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 18 U.S.C. § 1920(3)–(4). Plaintiff argues that the Clerk incorrectly taxed printing and copy costs because neither set of costs were "necessarily obtained for use in the case." (Doc. # 148 at 3–6.) The Court disagrees.

##### 1. Printing Fees

With respect to the printing costs, the Clerk taxed the amount of $1,995.65.[2] (Doc. # 145 at 1.) Plaintiff contends that none of these printed copies were necessarily

---

[2] The Court notes that the Clerk of the Court taxed printing costs in the amount of $1,995.65 and not $1,995.66 as stated throughout Plaintiff's Motion. (Doc. # 145 at 1.)

7

obtained for use in the case because all such documents were "electronically served or otherwise created electronically in this case" and, as a result, "Defendant incurred the cost of printing these documents as a matter of choice" and for convenience's sake, "not necessity" as hard copies were not "required for any particular purpose." (Doc. # 148 at 4.) Plaintiff states that among these printed documents were initial disclosures, expert witness disclosures, a copy of a claim file, materials relied upon experts, and documents related to deposition preparation. (*Id.* at 4.)

Defendant responds by providing a detailed explanation for the necessity of each printing cost set forth in 12 invoices amounting to $1,995.65. (Doc. # 152 at 5–7.) Defendant explained that printing Plaintiff's documents was necessary to "assist preparation of the Motion for Summary Judgment . . . of which the supporting Appendix included over 650 pages" and provide to expert witnesses so that these experts could prepare expert reports. (*Id.* at 5; Doc. # 152-2 at 1–2, 10.) Moreover, Defendant reasoned that printing invoices related to the claim file, expert reports, and expert's medical articles were used for preparation of depositions and as exhibits themselves at depositions and a Rule 702 hearing. (Doc. ## 152 at 6, 152-2 at 3–9.) In sum, Defendant argues that these printing costs "were not made as a mere convenience, but rather these hard copies were created, analyzed, and in some cases chronologized, to assist counsel in the preparation for depositions, used in depositions, used for preparation for experts, and used to cull and distill the scopes of issues in the case and to collect the supporting documents for those issues." (Doc. # 152 at 7.)

The Court is persuaded that Defendant has met its burden in showing that the printing costs were "reasonably necessary for use in the case." *In re Williams*, 558 F.3d at 1149. The Tenth Circuit has "specifically noted that the burden of justifying copy costs is not 'a high one.'" *Id.* (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998). "[A] description of each copy, replete with an explication of its use, is not necessarily required to satisfy this burden." *Id.* (internal citations omitted). "All a prevailing party must do to recoup costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'" *Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988), *overruled on other grounds by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)). Notwithstanding that Defendant's explications were unnecessary, the Court is satisfied with Defendant's explanations as to why the printed copies were necessary for use in the case and at trial. (Doc. # 152 at 5–7.)

Moreover, Plaintiff's reliance on the Tenth Circuit's *U.S. Industries, Inc. v. Touche Ross & Co.* decision is misplaced. 854 F.2d at 1245; (Doc. # 148 at 4.) Indeed, the *Touche Ross & Co.* court was silent as to whether printing out electronically available documents for use in a case inherently constitutes a matter of convenience for counsel. 854 F.2d at 1245. Furthermore, the court recognized that "[t]hough use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." *Id.* at 1246 (citing *Wahl v. Carrier*

*Manfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975)). The *Touche Ross & Co.* decision, thus, is not dispositive of whether Defendant was entitled to printing costs.

The Court finds that the printing costs herein are recoverable by Defendant.

2. <u>Copy Costs</u>

Plaintiff first challenges the necessity of Defendant's copy costs related to trial exhibits. (Doc. # 148 at 5.) In particular, Plaintiff asserts that only $1,330.99 of the $4,181.49 taxed copy costs were necessitated according to this Court's Practice Standards. (*Id.* at 5 (citing CMA Civ. Practice Standard 43.1B(e)(2)).) Because CMA Civil Practice Standard 43.1B(e)(2) requires each party to provide three trial exhibit notebooks, based on the invoice for five trial exhibit notebooks, Plaintiff calculates the cost for the three required notebooks amounted to $1,330.99. (*Id.*)

Defendant relies on the previously discussed Tenth Circuit authority to support its proposition that all five trial exhibit notebooks were reasonably necessary for use in the case. (Doc. # 152 at 8.) Defendant argues that the two additional trial exhibit notebooks comprised "any material" "necessarily obtained for use in the case." (*Id.* at 8 (citing 28 U.S.C. § 1920).) Defendant explained that Defendant's counsel used one trial exhibit notebook during trial and provided one set for all three client representatives who testified to share and use during preparation for trial testimony. (*Id.* at 9.)

The Court is satisfied with Defendant's explanation. Trial counsel often use trial exhibit notebooks while examining witnesses. Moreover, because Defendant's own client representatives were testifying at trial, it was reasonable for Defense counsel to copy a binder of trial exhibits for its client representatives to use in preparing for such

10

testimony. As such, the Court finds that the copy costs related to the trial exhibit notebooks are recoverable.

Plaintiff next challenges invoices for the copying of Plaintiff's trial exhibits because hard copies were either unnecessary or duplicative of the costs for printing the trial exhibit notebooks, including the cost for printing a clean copy of trial exhibits for the jury's use during deliberation. (Doc. ## 148 at 6; 152 at 10.) Once again, Defendant has met the low burden for recovering its copy costs. *In re Williams*, 558 F.3d at 1149.

With respect to the copying of Plaintiff's trial exhibits, Defendant argues that it used that copy to prepare for trial and areas of cross-examination. (Doc. # 152 at 9.) Defendant represents that the "hard copies of Plaintiff's trial exhibits were used every day at trial, and used by defense counsel to assist in cross-examination of Plaintiff's witnesses." (*Id.*) As for the costs related to pre-highlighted trial exhibits, Defendant argues that it used the highlighted trial exhibits throughout trial to "facilitate[] the presentation of witness testimony, especially voluminous contents of writing on medical records and handwritten notes taken by the doctors." (*Id.* at 10.) While the Court permitted use of highlighted trial exhibits during trial, the Court requested the parties to provide a non-highlighted copy of trial exhibits to the jury for deliberation. (*Id.*), As such, Defendant necessarily incurred this expense comply with the Court's request.

Furthermore, Defendant explains that it needed to make copies of trial exhibit numbers 501–519 in the weeks before trial to prepare for trial as those exhibits related to a "key issue" in the case. (*Id.* at 10.) Defendant states that these exhibits included "crucial and time sensitive communications between the Azar law firm and Defendant

leading up to the $100,000 settlement demand, along with the medical records that were provided by the Azar firm up until that time." (Doc. # 152 at 10.)

Finally, as a result of Plaintiff's blanket challenge to copy costs outside of the three trial exhibit notebooks, although Plaintiff failed to specifically address this item, the February 18, 2018 copy fee of $90.43 is in dispute. (Doc. ## 148 at 5–6; 152 at 10.) Defendant asserts that this copy cost was necessary because Defendant obtained a hearing notebook of key documents for the Rule 702 hearing on Dr. Rauzzino. (Doc. # 152 at 10.) Defendant's counsel and expert used this notebook for the Rule 702 hearing on "Dr. Rauzzino held on January 30, 2018." (*Id.*) However, the invoice for $90.43 reflects a job date of February 18, 2018—almost three weeks following the Rule 702 hearing. (Doc. ## 143–5 at 1; 75.) Due to the discrepancy in dates, the Court cannot determine whether the February 18, 2018 copy invoice was reasonably necessary for use in the case, and as such, the copy cost of $90.43 will be excluded.

Accordingly, upon review of the Clerk's Taxation of Costs, the Court awards Defendant with $4,091.06 for copy costs.

## B. COSTS RECOVERABLE UNDER STATE LAW

As an initial matter, Plaintiff argues that the Tenth Circuit's *Chaparral* decision precludes Defendant's recovery of deposition costs and trial attendance expenses taxed by the Clerk. (Doc. # 148 at 6–8.) Defendant responds that federal law regarding an award of costs does not preempt the Court's application of the Colorado costs statute. (Doc. # 152 at 11–12.) The Court, thus, first considers the threshold issue of whether the Colorado costs statute is applicable in a diversity case.

12

1. <u>Federal Law Does Not Preempt Application of Colorado Costs Statute</u>

Construing the Tenth Circuit's *Garcia* decision, this Court has previously held that "to the extent that a Colorado state statute authorizes the award of costs other than those costs authorized by 28 U.S.C. § 1821 [] and Section 1920, and there is no preemption by these Sections, such costs are recoverable." *Home Loan Invest. Co.*, 78 F. Supp. 3d at 1321. Plaintiff contends that this Court's *Home Loan* and the Tenth Circuit's *Garcia* decisions are limited to situations in which the courts "appl[y] state cost-shifting statutes only where there is express state authority mandating an award of costs." (Doc. # 148 at 7.) According to Plaintiff, there is no express state authority mandating an award of deposition and trial attendance expenses costs in the instant case. (*Id.* at 7–9.) However, Plaintiff is mistaken.

Section 13-16-105 provides that "[i]f any person sues in any court of record in this state in any action wherein the plaintiff or demandant might have costs in case judgment is given for him and . . . a verdict is passed against him, then the defendant **shall** have judgment to recover his costs against the plaintiff . . . to be taxed." (Emphasis added.) Indeed, Section 13-16-105 includes the same "mandatory" language contained in Sections 10-3-1116 and 13-17-202(1)(a)(1), which are the state statutory sources that authorized this Court to award, and the Tenth Circuit to approve an award of, costs under federal and state law in diversity cases. *Home Loan Invest. Co.*, 78 F. Supp. 3d at 1320–21; *Garcia*, 209 F.3d at 1178. Colorado courts agree that Section 13-16-105 mandates an award of costs. *Globe Indem. Co.*, 98 P.3d at 977; *Gilmore*, 708 P.2d at 487. Because Plaintiff does not challenge the judicial authority to award costs

pursuant to those kindred Colorado statutes (Doc. # 148 at 7), the Court is hard-pressed for a reason as to why Plaintiff would now contend that such costs are unrecoverable under Section 13-16-105 in the instant case.

Plaintiff's only proffered reason, reliance on the Tenth Circuit's *Chaparral* decision, is unavailing. Plaintiff's assertion that Defendant did not "address the holding" of *Chaparral* (Doc. # 154 at 1) fails to consider that Defendant relied on the Tenth Circuit's *Garcia* opinion in which the court therein discussed *Chaparral* at length:

> *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286 (10th Cir.1988), contrary to Wal–Mart's interpretation, does not compel the district court's decision that "the Colorado statute [Colo. Rev. Stat. § 13–17–202(1)(a)(I)] is a procedural statute and is not applicable in this case filed in this court by the plaintiff under diversity jurisdiction." At issue in *Chaparral* was a district court's decision not to tax the cost of expert witness fees. The opinion holds that "[i]n the absence of an explicit [federal] statutory authorization, a trial court has no discretion under Fed. R. Civ. P. 54(d) to tax the actual costs of expert witness fees." 849 F.2d at 1292 (citing *Crawford,* 482 U.S. at 442–45, 107 S.Ct. 2494). There was not even an explicit state statutory authorization because the Colorado statute at issue in *Chaparral* left the decision to award costs "to the sound discretion of the trial court," and "[a] discretionary award of costs is not tantamount to an express statutory mandate." *Id.* (citations omitted).
>
> In the present case, on the contrary, Colorado courts have interpreted Colo. Rev. Stat. § 13–17–202(1)(a)(I) to be non-discretionary: If a defendant refuses a plaintiff's offer of settlement made more than ten days before trial, and at trial the plaintiff recovers an amount greater than the settlement offer, then "the plaintiff shall be awarded actual costs accruing after the offer of the settlement to be paid by the defendant." *See also Centric–Jones Co. v. Hufnagel,* 848 P.2d 942, 947 (Colo. 1993) (en banc) (holding the award of costs under the statute to be non-discretionary).[7] The word "shall" plainly does not mean "[committed] to the sound discretion of the trial judge," but rather amounts to an "express statutory mandate." *Chaparral,* 849 F.2d at 1293. Thus, in the present case, *Chaparral* is inapposite because Colorado's express statutory mandate takes the case before us out of the discretionary ambit of Fed. R. Civ. P. 54(d), except insofar as cost limitations are explicitly dictated by federal statute, pursuant to Fed. R. Civ. P. 54(d)(1).[8]

14

*Garcia*, 209 F.3d at 1178 (internal record citations omitted). In Footnote 8, the court elaborated on the limitations of *Chaparral*:

> With respect to explicit federal statutory provisions under Rule 54(d)(1), *Chaparral* dealt with the comprehensive witness fee scheme of 28 U.S.C. § 1821. *see Crawford,* 482 U.S. at 442, 107 S.Ct. 2494, in holding "the court was bound by the limitations set out in the federal costs statute," *Chaparral,* 849 F.2d at 1293. **Insofar as elements of "actual costs" do not fall within such a comprehensive federal scheme, *Chaparral* is not controlling here**. *Cf. Huffman v. Caterpillar Tractor Co.,* 908 F.2d 1470, 1478 (10th Cir. 1990). The same can be said of our precedent in *Gobbo Farms & Orchards v. Poole Chemical Co.,* 81 F.3d 122, 123–24 (10th Cir.1996). *Gobbo,* which affirms an award of attorneys' fees pursuant to state law and the denial of costs as sanctions in a diversity action, cites *Chaparral* in dicta for the proposition that "Colorado law does not govern the award of costs." *Id.* at 123. *Gobbo* did not involve the application of a state cost-shifting statute but rather the exercise of the district court's discretion to award costs as sanctions pursuant to Fed. R.Civ. P. 54(d)(2)(E). *See id.* Moreover, because the foregoing dicta in *Gobbo* relies on *Chaparral,* it must be read in conjunction with *Chaparral* as inapplicable to situations in which costs fall outside a comprehensive federal scheme and in which the state legislature has made the award of costs mandatory through a sanctioning provision analogous to a fee-shifting statute.

*Id.* at 1178 n.8 (emphasis added). The *Garcia* decision makes it clear that the *Chaparral* holding is neither controlling nor dispositive of whether the Court should award costs under Section 13-16-105.

Section 13-16-105 is a cost-shifting statute that mandates an award of costs. *Globe Indem. Co.*, 98 P.3d at 977; *Gilmore*, 708 P.2d at 487. In the instant case, a verdict was passed against Plaintiff, and pursuant to Section 13-16-105, Defendant "**shall** have judgment to recover [] [its] costs against" Plaintiff "to be taxed." Colo. Rev. Stat. § 13-16-105 (emphasis added); (Doc. # 134.) Under *Garcia* then, "costs must be awarded by the district court pursuant to Colorado law to the extent they constitute costs other than attorneys' fees under Fed. R. Civ. P. 54(d)(1) and are not preempted

15

by a federal statute such as 28 U.S.C. § 1821 . . . ." 209 F.3d at 1170 (internal quotation marks omitted). Neither 28 U.S.C. Section 1821 nor Section 1920 preempt or preclude recovery of deposition costs or trial attendance costs. Accordingly, the Court will apply Colorado's cost statute in determining whether the Clerk properly taxed these costs.

    2.    <u>Deposition Costs</u>

Section 13-16-105 applies to this case and Defendant is entitled to an award of costs as set forth in Colo. Rev. Stat. § 13-16-122(1), including "[a]ny costs of taking depositions for the perpetuation of testimony, including reporters' fees, witness fees, expert fees, mileage for witnesses, and sheriff fees for service of subpoenas." In her Motion, Plaintiff does not argue that Defendant's depositions costs were frivolous, not for the "perpetuation of testimony," or not "necessarily obtained for use at trial;" rather, Plaintiff's sole argument is that the Colorado cost statute does not apply under *Chaparral*. (Doc. # 148 at 6–8.)

For the foregoing reasons, the Court has already determined that, as a matter of law, Plaintiff's position is untenable. Now the Court reviews whether Defendant's deposition costs were necessarily obtained for use in the case. The Colorado Supreme Court implied that Section 13-16-122 should be broadly construed, as "the list of items awardable as costs in Section 13-16-122 is illustrative rather than exclusive," and specifically held that discovery deposition expenses are recoverable as costs under that statute. *Cherry Creek Sch. Dist. No. 5*, 859 P.2d at 813. Additionally, even under the stricter, federal standard, depositions need not be obtained for actual use at trial. *In re Williams*, 558 F.3d at 1149.

In the instant case, Defendant seeks to recover deposition costs for seven witnesses, six of which testified at trial, and four of which were expert witnesses. (Doc. # 152 at 12–14; Doc. # 152-3.) Moreover, the one witness who did not testify at trial was one of Plaintiff's medical experts who was listed as a "'may call' expert witness expected to testify at trial consistent with her deposition." (Doc. # 152 at 13 (citing Doc. # 95 at 12).) The Court is satisfied that the deposition expenses for which Defendant seeks to tax as costs were reasonably necessary (under federal law) and clearly "for the perpetuation of testimony" (under state law). Accordingly, the Court finds that these deposition costs are recoverable by Defendant.

3. <u>Trial Attendance Expenses</u>

Defendant seeks $1,054.66 for travel, parking, and meal expenses for attending the Rule 702 Hearing ($27.04) and trial. (Doc. # 152 at 14–15.) Similar to Plaintiff's contestation of deposition costs, her sole argument in support of invalidating the taxation of trial attendance expenses rests upon the *Chaparral* decision. (Doc # 148 at 8.) However, *Chaparral* does not preclude application of the Colorado costs statute. *Garcia*, 209 F.3d at 1170. The Court, thus, analyzes federal and state law to determine whether Defendant's trial attendance expenses are recoverable.

Although such expenses are not recoverable as costs under 18 U.S.C. § 1920, *see Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 (10th Cir. 2005), some of these expenses do appear to be recoverable under Colorado state law. Indeed, the Colorado Supreme Court has held that travel expenses not listed under Section 13-16-122 are permissible costs "so long as the requesting party proves that the expenses were

17

reasonable and necessarily incurred." *Valentine*, 252 P.3d at 1194 (citing *Cherry Creek Sch. Dist. No. 5*, 859 P.2d at 813). For example, Colorado courts have held that parking expenses "may be included as costs." *Harvey v. Farmers Ins. Exch.*, 983 P.2d 34, 41 (Colo. App. 1998); *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341, 348 (Colo. App. 1999). The Court finds that Defendant's parking expenses are recoverable.

However, the "costs of counsel's meals" at the Rule 702 hearing and trial are not recoverable. Meal expenses "are not awardable because they are not attributable to the litigation: counsel would need to eat regardless of any litigation." *Valentine*, 252 P.3d at 1195 (collecting cases). Federal precedent supports that meals are recoverable costs "if such expenses are usually charged separately in this area." *Sussman v. Patterson*, 108 F.3d 1997, 1213 (10th Cir. 1997) (citing *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983)). However, Defendant failed to justify that meals were "expenses" that were "usually charged separately in this area." As such, the Court finds that Defendant is not entitled to recover meal expenses incurred during the Rule 702 hearing or trial.

Finally, upon review of Exhibit 5 to Defendant's Response (Doc. ## 152, 152-6), it appears that the Clerk awarded, as part of the attorney trial attendance expenses that were taxed, $60.81 for Liz St. John's "Parking, Lunch, Misc items for Trial" expenses, "$193.66 for Leslee Randolph's "Parking, Lunch, Misc items for Trial" expenses, and $161.30 of "Misc Trial Receipts." (Doc. # 152-6 at 1.) The Court finds that the meal expenses from the "Liz. St. John" entry (Doc. # 152-7 at 12) and the remaining balance after awarding "mileage" for the "Leslee Randolph" entry are not proper costs because the description of expenses set forth in Exhibit 5 is vague as to what invoices were

categorized as "Leslee Randolph's" parking expenses. (Doc. # 152-7 at 11.) Additionally, the Court was unable to locate any supporting documentation that the "Misc Trial Receipts" included invoices for mileage or parking costs. (Doc. ## 152-6, 152-7.) As a result, the Court finds that miscellaneous expenses in the amount of $161.30 are not properly awardable costs to be taxed against Plaintiff.

Accordingly, in eliminating meal expenses and vague "miscellaneous" costs, the Court deducts $800.53 from the amount that the Clerk taxed as "other costs."

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion for Review Judicial Review of Clerk's Taxation of Costs (Doc. # 148) is GRANTED IN PART with respect to meal expenses, vague costs, stipulated deductions, and one copy cost, and DENIED in all other respects. It is

FURTHER ORDERED that the costs in the amount of $18,491.70 are assessed against Plaintiff Luzetta Murphy-Sims and in favor of Defendant Owners Insurance Company as follows:

| Entry | Cost Description | Clerk of the Court Taxed Costs | Court's Taxed Costs | Reason for Difference |
|---|---|---|---|---|
| 1 | Fees of the Clerk | $400.00 | $400.00 | N/A |
| 2 | Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $4,408.55 | $4,408.55 | N/A |
| 3 | Fees and disbursements for printing | $1,995.65 | $1,995.65 | N/A |

| Entry | Cost Description | Clerk of the Court Taxed Costs | Court's Taxed Costs | Reason for Difference |
|---|---|---|---|---|
| 4 | Fees for witnesses | $1,893.18 | $1,893.18 | N/A |
| 5 | Fees for exemplification and copies of papers necessarily obtained for use in the case | $4,181.49 | $4,091.06 | $90.43 in copy costs related to Rule 702 were deducted because they were not necessarily incurred for use in the case. |
| 6 | Costs incident to taking of depositions | $3,234.96 | $2,790.54 | $444.42 was removed for duplicative invoice. |
| 7 | Other costs | $3,776.87 | $2,976.34 | $800.53 in expenses were deducted because they were not necessarily incurred. |
| Total | | $19,890.80 | $18,491.70 | An additional $63.72 was deducted by request of Defendant. (Doc. # 152 at 2.) |

DATED: August 12, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge